# UNITED STATES DISTRICT COURT
Eastern District of Kentucky
Central Division at Lexington

| | |
|---|---|
| Audrey Noel )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Equifax Information Services, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    421 West Main Street )<br>    Frankfort, KY 40601 )<br>)<br>World Finance Company of Kentucky, LLC )<br>    *d/b/a* World Finance Corporation )<br>    *Defendant* )<br>Serve: )<br>    CT Corporation System )<br>    306 West Main Street, Suite 512 )<br>    Frankfort, KY 40601 )<br>) | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a complaint for damages by Plaintiff Audrey Noel for Defendants Equifax Information Services, LLC and World Finance Company of Kentucky, LLC *d/b/a* World Finance Corporation's separate violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 28 U.S.C. § 1331 and the FCRA, 15 U.S.C. § 1681p. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Plaintiff occurred within Boyle County, Kentucky which is located within this District.

### PARTIES

3. Plaintiff Audrey Noel is a natural person who resides in Boyle County, Kentucky

and a "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)).

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company registered to do business with the Kentucky Secretary of State whose principal place of business is located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

5. Defendant World Finance Company of Kentucky, LLC *d/b/a* World Finance Corporation ("WFC") is a Kentucky limited liability company registered to do business with the Kentucky Secretary of State whose principal place of business is located at 108 Frederick Street, Greenville, SC 29607. WFC is a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

6. Plaintiff Audrey Noel ("Noel") is keenly aware of the importance of her credit score.

7. Ms. Noel regularly reviews her consumer credit reports and a recent review uncovered several items of incorrect and inaccurate credit information, including credit information furnished by Defendant World Finance Company of Kentucky, LLC *d/b/a* World Finance Corporation ("WFC").

8. WFC is a consumer loan company regulated by Kentucky's consumer loan company statutes, KRS 286.4-410 *et seq.*

9. In April 2015, Ms. Noel took out a personal loan from WFC (the "WFC Loan").

10. The WFC Loan was a precomputed loan, which means the WFC Loan is not subject to interest but instead have precomputed finance charges added up-front to the principal and are included in the repayment amount. The precomputed finance charge is not interest and instead is the time-price differential that represents Ms. Noel's consideration to WFC for entering into the note. *Serv. Fin. Co. v. Ware*, 473 S.W.3d 98, 106 (Ky. Ct. App. 2015). Consequently, the WFC Loan does not set forth a recoverable contract-rate of interest. *Id.*

11. Upon review of her credit reports, Ms. Noel discovered that WFC was reporting negative credit information concerning the WFC Loan on all three of her consumer credit reports published by the three major credit reporting agencies ("CRA's"): Defendant Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union") (the "WFC Tradeline").

12. The WFC Tradeline was completely inconsistent on each of her credit reports.

13. Experian was reporting the WFC Tradeline as a charged-off account with a "recent balance" of $438, a past-due balance of $1,175, and a date of first delinquency ("DOFD") of January 2016. Trans Union was reporting a "balance" of $438, a past due amount of $1,175, and a DOFD of May 2015. Equifax was reporting a balance of $438, a past-due amount of $1,175, and DOFD of August 2015.

14. Ms. Noel sent a dispute letter directly to WFC on April 27, 2020 and WFC responded to Ms. Noel's dispute in a letter dated May 18, 2020.

15. Ms. Noel sent multiple disputes the CRA's that included disputes of the conflicting credit information furnished by WFC in connection with the WFC Loan.

16. Upon receipt of Ms. Noel's disputes, the CRA's had an affirmative duty under 15 U.S.C. § 1681i(a)(2) to send WFC prompt notice of Ms. Noel's dispute within five (5) business days of receiving each dispute, _and_ to conduct their own individual investigation of Ms. Noel's disputes.

17. The CRA's notified WFC of Ms. Noel's dispute, which thereby triggered WFC's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

18. WFC failed to conduct a reasonable investigation of Ms. Noel's dispute.

19. After investigating Ms. Noel's dispute, WFC continued to report contradictory account information for the WFC Loan in the WFC Tradeline, including furnishing three different DOFD's and different and increasing amounts due in the WFC Tradeline reported and published by each of the CRA's.

20. Equifax's post-investigation credit reports for Ms. Noel continued to note an incorrect DOFD of August 2015 and failed to note that Ms. Noel had disputed the credit information furnished by WFC in connection with the WFC Tradeline.

21. Equifax failed to conduct a reasonable investigation of Ms. Noel's disputes by failing to correct the erroneous DOFD and failing to note that she had disputed the WFC Loan and WFC Tradeline.

22. WFC's and Equifax's failure to correct and update Ms. Noel's consumer credit report has adversely affected Ms. Noel by allowing false, negative credit information to appear on her consumer credit report, which negatively impacts Ms. Noel's creditworthiness and credit score and has caused her to be denied credit and has caused her great deal of anxiety, frustration, and mental upset.

## CLAIMS FOR RELIEF

**I.     Claims against World Finance Company of Kentucky, LLC *d/b/a* World Finance Corporation**

23.    The foregoing acts and omissions of Defendant World Finance Company of Kentucky, LLC *d/b/a* World Finance Corporation ("WFC") constitute violations of the FCRA in that, after being informed by one or more CRA's that Ms. Noel disputed the accuracy of the information it was providing concerning Ms. Noel, WFC willfully failed to conduct a proper investigation of Ms. Noel's disputes filed with one or more CRA's that WFC was furnishing false and inaccurate credit information about Ms. Noel and the WFC Loan.

24.    WFC willfully failed to review all relevant information purportedly provided by one or more CRA's to WFC in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

25.    WFC willfully failed to direct the CRA's to delete inaccurate information about Ms. Noel pertaining to the WFC Loan as required by 15 U.S.C. § 1681s-2(b)(C). In particular, WFC **(i)** continued to falsely and inaccurately report different, false, and inaccurate balances and DOFDs to the CRA's, and **(ii)** failed to note in the credit information that it furnished to Equifax that Ms. Noel disputed the WFC Tradeline.

26.    Ms. Noel has a private right of action to assert claims against WFC arising under 15 U.S.C. § 1681s-2(b).

27.    WFC is liable to Ms. Noel for the actual damages she sustained by reason of its willful violations of the FCRA in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, and punitive damages in an amount to be determined by the trier of fact and her reasonable attorney's fees, all pursuant to 15 U.S.C. § 1681n.

28.    Alternatively, WFC's conduct, actions and inactions were negligent rendering WFC liable to Ms. Noel under 15 U.S.C. § 1681o for her actual damages, attorney's fees and costs.

**II.    Claims against Equifax Information Services, LLC**

29.    The foregoing acts and omissions of Defendant Equifax Information Services, LLC ("Equifax") constitute violations of the FCRA.

### A.    Violations of 15 U.S.C. § 1681(i)(a)

30.    Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation of Ms. Noel's dispute concerning the WFC Tradeline.

31. As a result of Equifax's failure to conduct a reasonable investigation of Ms. Noel's dispute, Equifax continued to inaccurately to report a false and inaccurate DOFD for the WFC Tradeline in the reports it published to its users and subscribers and failed to note that Ms. Noel had disputed the WFC Tradeline. Ms. Noel suffered actual damages in the form of a lowered credit score and denial of credit. Ms. Noel also suffered frustration, irritation, emotional upset and distress.

32. Equifax's conduct, actions and inactions were willful, rendering Equifax liable to Ms. Noel under 15 U.S.C. § 1681n for her actual damages, statutory damages, punitive damages, attorney's fees and costs.

33. Alternatively, Equifax's conduct, actions and inactions were negligent rendering Equifax liable to Ms. Noel under 15 U.S.C. § 1681o for her actual damages, attorney's fees and costs.

**B.     Violations of 15 U.S.C. § 1681c(f)**

34. Ms. Noel disputed the WFC Tradeline in writing with Equifax.

35. WFC had a duty under 15 U.C.S. § 1681s-2(a)(3) and 15 U.S.C. § 1692e(8) to notify Equifax that Ms. Noel had disputed WFC Loan underlying the WFC Tradeline.

36. After being notified by WFC that Ms. Noel had disputed the WFC Tradeline, Equifax had a duty under 15 U.S.C. § 1681c(f) to indicate in the credit reports that it published to its users, including to Ms. Noel, that Ms. Noel had disputed the tradelines furnished by WFC.

37. Ms. Noel's post-dispute Equifax credit reports failed to indicate that Ms. Noel had disputed the WFC Tradeline.

38. Equifax willfully or negligently violated the FCRA, 15 U.S.C. § 1681c(f) and is liable to Ms. Noel for the actual damages she sustained by reason of its willful violations of the FCRA in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, and punitive damages in an amount to be determined by the trier of fact and her reasonable attorney's fees, all pursuant to 15 U.S.C. § 1681n.

39. Alternatively, Equifax is liable to Ms. Noel for the actual damages she sustained by reason of its negligent violations of the FCRA in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Audrey Noel requests that the Court grant her the following relief:

1. Award Plaintiff the maximum statutory damages against each Defendant pursuant to 15 U.S.C. § 1681n for each Defendant's willful violations of the FCRA;

2. Award Plaintiff her actual damages against each Defendant for each Defendant's violations of the FCRA;

3. Award Plaintiff punitive damages against each Defendant pursuant to 15 U.S.C. § 1681n for each Defendant's willful violations of the FCRA;

4. Award Plaintiff her Attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com